**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    )<br>        Plaintiff,    )<br>    )<br>v.    )<br>    )<br>RONALD R. MARCIELLO,    )<br>SANDRA L. MARCIELLO,    )<br>GRACE R. MARCIELLO,    )<br>GREGORY J. MARCIELLO,    )<br>CENTURY BANCORP INC.,    )<br>FILENE FEDERAL CREDIT UNION,    )<br>AMERICAN EXPRESS COMPANY, and    )<br>THE CITY OF REVERE, MASSACHUSETTS, )<br>    )<br>        Defendants.    ) | Civil No. 1:09-cv-12089<br><br>Judge _____ |

**COMPLAINT**

The Plaintiff, the United States of America, by its undersigned counsel, at the request and with the authorization of a delegate of the Secretary of the Treasury and as directed by a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7401 and 7403, brings this Complaint to reduce to judgment certain unpaid federal tax assessments made against Ronald R. Marciello, to establish the validity of the liens of the United States under 26 U.S.C. § 6321 upon all property and rights of Ronald R. Marciello, and to foreclose federal tax liens upon certain property described in this Complaint, with such property to be sold at judicial sale. For these purposes, the United States complains and alleges as follows:

**Jurisdiction and Parties**

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. §§ 7402 and 7403.

2. Ronald R. Marciello ("Taxpayer") resides within the jurisdiction of this Court.

3. Sandra L. Marciello is Taxpayer's spouse and is named as a defendant to this action as required by 26 U.S.C. § 7403(b), for the reason that she has, or may claim, an interest in certain property upon which the United States seeks to foreclose its liens, which property is located within the jurisdiction of this Court.

4. Grace R. Marciello is Taxpayer's mother and is named as a defendant to this action as required by 26 U.S.C. § 7403(b), for the reason that she has, or may claim, an interest in certain property upon which the United States seeks to foreclose its liens, which property is located within the jurisdiction of this Court.

5. Gregory J. Marciello is Taxpayer's brother and is named as a defendant to this action as required by 26 U.S.C. § 7403(b), for the reason that she has, or may claim, an interest in certain property upon which the United States seeks to foreclose its liens, which property is located within the jurisdiction of this Court.

6. Century Bancorp, Inc. (f/k/a Century Bank and Trust Company) is named as a defendant to this action as required by 26 U.S.C. § 7403(b), for the reason that it has, or may claim, an interest in certain property, upon which the United States seeks to foreclose its liens, which property is located within the jurisdiction of this Court.

7. Filene Federal Credit Union (f/k/a Filene Credit Union) is named as a defendant to this action as required by 26 U.S.C. § 7403(b), for the reason that it has, or may claim, an interest in certain property upon which the United States seeks to foreclose its liens, which property is located within the jurisdiction of this Court.

8. American Express Company is named as a defendant to this action as required by

26 U.S.C. § 7403(b), for the reason that it has, or may claim, an interest in certain property upon which the United States seeks to foreclose its liens, which property is located within the jurisdiction of this Court.

9.  The City of Revere, Massachusetts is named as a defendant to this action as required by 26 U.S.C. § 7403(b), for the reason that it has, or may claim, an interest in certain property upon which the United States seeks to foreclose its liens, which property is located within the jurisdiction of this Court.

### Count I - To Reduce Federal Income Tax Assessments to Judgment

10. The United States incorporates by reference the above allegations of paragraphs 1 through 9 as paragraph 10 of the Complaint.

11. On the following dates, a delegate of the Secretary of the Treasury of the United States made certain income tax assessments against Taxpayer for unpaid federal income taxes, penalties, and interest, for the following tax years, in the following amounts, which have balances due as of August 3, 2009, as follows:

| Tax Period Ended | Assessment Date | Assessed Amount | Amount Owing as of August 3, 2009 |
|---|---|---|---|
| 12/31/1996 | 02/07/2000 | $27,818.00 [1] | $28,732.14 |
| | 02/07/2000 | $3,147.97 [5] | |
| | 02/07/2000 | $2,378.47 [6] | |
| | 02/07/2000 | $4,483.77 [2] | |

---

[1] Income Tax  [2] Interest Assessed  [3] Estimated Tax Penalty  [4] Fees and Collection Costs
[5] Late Filing Penalty  [6] Failure to Pay Tax Penalty  [7] Accuracy Penalty  [8] Additional Tax Assessed

|  |  |  |  |
|---|---|---|---|
|  | 06/03/2002 | $10.00 [4] |  |
| 12/31/1999 | 10/09/2000 | $41,417.00 [1] | $87,776.03 |
|  | 10/09/2000 | $1,293.35 [3] |  |
|  | 10/09/2000 | $1,198.57 [6] |  |
|  | 10/09/2000 | $1,776.88 [2] |  |
|  | 01/10/2005 | $8,761.05 [6] |  |
| 12/31/2000 | 11/12/2001 | $28,987.00 [1] | $96,555.96 |
|  | 11/12/2001 | $1,511.00 [3] |  |
|  | 11/12/2001 | $5,074.02 [5] |  |
|  | 11/12/2001 | $986.61 [6] |  |
|  | 11/12/2001 | $1,445.67 [2] |  |
|  | 11/19/2001 | $49.98 [2] |  |
|  | 11/19/2001 | $140.95 [6] |  |
|  | 03/31/2003 | $2,309.00 [5] |  |
|  | 03/31/2003 | $2,309.00 [7] |  |
|  | 04/15/2001 | $15,068.00 [8] |  |
|  | 1/10/2005 | $8,742.94 [6] |  |
|  | 08/11/2008 | $10.00 [4] |  |
| 12/31/2002 | 06/09/2003 | $13,333.00 [1] | $21,163.53 |
|  | 06/09/2003 | $390.00 [3] |  |
|  | 06/09/2003 | $118.37 [6] |  |
|  | 06/09/2003 | $89.51 [2] |  |
|  | 09/25/2006 | $10.00 [4] |  |
|  | 11/15/2006 | $2,840.87 [6] |  |
| 12/31/2005 | 03/06/2007 | $2,856.00 [1] | $2,894.60 |
|  | 03/06/2007 | $57.00 [3] |  |
|  | 03/06/2007 | $353.47 [5] |  |

|  | 03/06/2007 | $94.26 [6] |  |
|---|---|---|---|
|  | 03/06/2007 | $146.83 [2] |  |
|  | 12/03/2007 | $10.00 [4] |  |
|  |  | **Total** | **$237,122.36** |

12.  A delegate of the Secretary of Treasury of the United States properly issued notices of the assessments described in paragraph 11, and made demands for payment, to Taxpayer.

13.  Despite the notices of the assessments and repeated demands for payment, Taxpayer has failed, neglected, or refused to fully pay the federal income tax liabilities described in paragraph 11 and, after the application of all abatements, payments, and credits, Taxpayer remains liable to the United States for the unpaid balance of the 1996, 1999, 2000, 2002, and 2005 federal income tax liabilities in the total amount of $237,122.36, plus statutory additions and interest according to law, accruing from August 3, 2009.

## Count II - Foreclosure of Federal Tax Liens

14.  The United States incorporates by reference the above allegations of paragraphs 1 through 13 as paragraph 14 of the Complaint.

15.  The United States seeks to foreclose federal tax liens upon certain real properties located at 137 Marshall Street, Revere, Massachusetts 02151 (the "Marshall Property") and 34 Larkin Street, Revere, Massachusetts 02151 (the "Larkin Property").

16.  The Marshall Property is legally described as follows:

> A certain parcel of land with the buildings thereon, situated in Revere, Suffolk County, Massachusetts, known and numbered as 137 Marshall Street, and being lots number 346, 347, 348, 349, and 350 on a plan entitled "Plan of Linden Terrace Revere, Property of Squire Real Estate Trust" dated April 1918, by Whitman and Howard, Civil Engineers, recorded with the Suffolk County Registry of Deeds at the End of Book 4090, together bounded and described as follows:

>NORTHEASTERLY by Lots 351, 352, and 353 on said plan, ninety (90) feet;
>SOUTHEASTERLY by lots 357, 358, 359, 360 and 361 on said plan, one hundred twenty-five (125) feet;
>SOUTHWESTERLY by Lot 345 on said plan, ninety (90) fee; and
>NORTHWESTERLY by Marshall Street on said plan, one hundred twenty-five (125) feet.
>
>Containing together 11250 square feet of land, according to said plan.
>
>Excepting so much thereof as was taken by the Commonwealth of Massachusetts Department of Public Works by instrument dated December 28, 1955, recorded with the Registry of Deeds in Book 7119, Page 269.

17.    By quitclaim deed dated September 16, 1998, Sandra L. Marciello conveyed the Marshall Property to Taxpayer and Sandra L. Marciello, as joint tenants with the right of survivorship, with quitclaim covenants. The deed was recorded with the Suffolk County Registry of Deeds at Book 23238, Page 325.

18.    Upon information and belief, the Marshall Property is encumbered by a mortgage lien in favor of Century Bancorp Inc., recorded with the Suffolk County Registry of Deeds at Book 23358, Page 143; a second mortgage lien in favor of Filene Federal Credit Union, recorded with the Suffolk County Registry of Deeds at Book 28048, Page 122; and a judgment lien in favor of American Express Company, recorded with the Suffolk County Registry of Deeds at Book 34452, Page 217.

19.    The Larkin Property is legally described as follows:

>[T]he land in said Revere, Suffolk County in said Commonwealth, and being shown as Lots No. 151 and No. 152 on a plan recorded with Suffolk Deeds at the end of Book 4077, bounded together and described as follows:
>SOUTHWESTERLY by Lot No. 150, as shown on said plan, One Hundred (100) feet;
>NORTHWESTERLY by Lots No. 266 and No. 265, as shown on said plan Forty-Five (45) feet;
>NORTHEASTERLY by Lots No. 153, as shown on said plan, One Hundred (100) feet; and
>SOUTHEASTERLY by Larkin Street, Forty-Five (45) feet to the point of beginning.

>Containing together Forty-Five Hundred (4500) square feet of land more or less and all according to said plan.

20. By quitclaim deed dated May 10, 1978, Domenic J. Marciello and Grace R. Marciello, as husband and wife and tenants by the entirety, conveyed the Larkin Property to "Domenic J. Marciello, Grace R. Marciello, H+W as tenants by the entirety, Gregory J. Marciello, and Ronald Marciello, as joint tenants, and not as tenants in common", with quitclaim covenants. The deed was recorded with the Suffolk County Registry of Deeds at Book 9055, Page 1.

21. Domenic J. Marciello is deceased.

22. Upon information and belief, the Larkin Property is encumbered by a mortgage lien in favor of Filene Federal Credit Union, recorded with the Suffolk County Registry of Deeds at Book 16415, Page 321; a judgment lien in favor of American Express Company, recorded with the Suffolk County Registry of Deeds at Book 34452, Page 217; and a property tax lien in favor of the City of Revere, Massachusetts, recorded with the Suffolk County Registry of Deeds at Book 43915, Page 315.

23. The failure, neglect, or refusal of Taxpayer to pay the taxes, penalties, and interested assessed against him following notices of the assessments and demands for payment of the same, gave rise, as of the dates of the assessments, to liens in favor of the United States, pursuant to 26 U.S.C. §§ 6321 and 6322, upon all property and rights to property belonging to Taxpayer in an amount equal to the unpaid assessments, plus interest and other accruals permitted by law. These federal tax liens are superior to any claims or other interest of the defendants to or in property belonging to Taxpayer, including the Marshall Property and the Larkin Property.

24. As a result of the failure, neglect or refusal of Taxpayer to pay the federal income taxes,

penalties, interest and statutory additions assessed against him following notices of assessments and demands for payment of the same, a delegate of the Secretary of the Treasury, filed with the Suffolk County Registry of Deeds, in accordance with Section 6323(f) of the Internal Revenue Code, 26 U.S.C. § 6323(f), the following notices of federal tax liens:

| Type of Tax | Tax Period Ending | Date(s) Filed |
|---|---|---|
| Income Tax | 12/31/1996 | 05/07/2002, 06/23/2009 (re-filed) |
| Income Tax | 12/31/1999 | 05/07/2002 |
| Income Tax | 12/31/2000 | 05/07/2002, 07/23/2008 (re-filed) |
| Income Tax | 12/31/2002 | 09/13/2006 |
| Income Tax | 12/31/2005 | 11/13/2007 |

25.     Pursuant to Section 7403 of the Internal Revenue Code, 26 U.S.C. § 7403, the United States of America is entitled to judgment foreclosing the federal tax liens described above in paragraphs 23 and 24, and a decree ordering the sale of the Marshall Property and the Larkin Property, and distributing the proceeds of such sale in accordance with the parties' respective rights and priorities.

       **WHEREFORE**, the United States of America requests judgment:

(a)     in favor of the United States of America and against Ronald R. Marciello in the amount of $237,122.36, plus statutory additions and interest according to law, accruing from August 3, 2009, for unpaid federal income tax liabilities;

(b)     foreclosing the United States' tax liens upon the Marshall Property and the Larkin Property described in this Complaint, and ordering said property be sold by a proper officer of this Court according to law, free and clear of all rights, titles, liens, claims, and interests of the parties hereto, and order proceeds of such sales be distributed, after the

        costs of the sale, to the United States and to other parties in accordance with the law; and

(c)     for its costs and such further relief as the Court deems just and proper.

                                                CARMEN M. ORTIZ  
                                                United States Attorney

                                                /s/ Nathan L. Strup  
                                                NATHAN L. STRUP  
                                                Trial Attorney, Tax Division  
                                                U.S. Department of Justice  
                                                P.O. Box 55, Ben Franklin Station  
                                                Washington, D.C. 20044  
                                                Telephone: (202) 514-6058  
                                                E-mail: Nathan.L.Strup@usdoj.gov

Case 1:09-cv-12089-JLT    Document 1    Filed 12/08/2009    Page 10 of 10